UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS JOHNSON and,
REV. GLORIA JOHNSON,

        Plaintiffs,

vs.

THE COUNTY OF MACOMB,
and THE MACOMB COUNTY
PARKS & RECREATION
COMMISSION,
jointly and severally,

        Defendants.
_____/

Case No. 08-10108

Gerald E. Rosen
U.S. District Judge

Michael Hluchaniuk
U.S. Magistrate Judge

## ORDER GRANTING DEFENDANTS' MOTION TO STRIKE

### I. PROCEDURAL HISTORY

Plaintiffs filed their complaint on January 8, 2008, alleging that defendants, *inter alia*, violated their civil rights under 42 U.S.C. § 1983, violated the Religious Restoration Freedom Act, and violated the Protection of Religious Exercise in Land Use Act. (Dkt. # 1). Defendants filed an answer to the complaint on February 19, 2008, denying any wrongdoing. (Dkt. # 7). This matter was referred to the undersigned by District Judge Gerald E. Rosen for all pretrial purposes on

1

February 28, 2008. (Dkt. # 11). On March 17, 2008, defendants filed a motion to strike scandalous material in the complaint pursuant to Fed.R.Civ.P. 12(f). Plaintiffs were ordered to respond to this motion by May 6, 2008. (Dkt. # 13). Plaintiffs have not done so. Thus, this matter is ready for decision and order.

## II. DISCUSSION

Rule 12(f) of the Federal Rules of Civil Procedure provides that, on motion of a party, the Court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Courts disfavor motions to strike because they "propose[ ] a drastic remedy." *Wrench LLC v. Taco Bell Corp.*, 36 F.Supp.2d 787, 789 (W.D. Mich. 1998) (quoting, *Resolution Trust Corp. v. Vanderweele*, 833 F.Supp. 1383, 1387 (N.D. Ind. 1993). However, a court has "liberal discretion" to strike such filings as it deems appropriate under Rule 12(f). *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir.2000); 2 Moore's Federal Practice § 12.37 (3d ed. 2002). For example, a motion to strike should be granted where the complaint contains immaterial allegations that have no bearing on the subject matter of the litigation. *Id.*, citing, *Morse v. Weingarten*, 777 F.Supp. 312, 319 (S.D.N.Y. 1991) (striking references to defendant's criminal conviction and income level). A motion to strike should also be granted where the requested relief is unavailable. *Id.* citing,

2

*Brokke v. Stauffer Chem. Co.*, 703 F.Supp. 215, 222-23 (D. Conn. 1988) (striking plaintiff's request for punitive damages under Employee Retirement Income Security Act of 1974). A motion to strike is a drastic remedy that should be used sparingly and only when the purposes of justice require. *Driving School Assoc. of Ohio v. Shipley*, 2006 W.L. 2667017, *1 (N.D. Ohio 2006) (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)).

Defendants assert that plaintiffs' complaint contains allegations accusing the President of the Parks Commission of being related to a person with "known ties to organized crime," which should be stricken under Rule 12(f). (Dkt. # 8, p. 1, citing, Dkt. # 1, p. 7, ¶ 26(c)). Defendants suggest that, to succeed on their motion to strike, they must show that no evidence in support of this allegation would be admissible, that the allegations have no bearing on the issues in this case, or that to permit the allegations would result in prejudice to the moving party. (Dkt. # 8, p. 2, citing, *Berke v. Presstek, Inc.*, 188 F.R.D. 179 (D. N.H. 1998). Defendant argues that plaintiffs' accusation that the Parks Commission President is tied to organized crime is as scandalous as the allegations of racism against opposing counsel that were stricken in *Pigford v. Veneman*, 215 F.R.D. 2, 4 (D. D.C. 2003). The *Pigford* court explained that the word "scandalous" in Rule 12(f) "generally refers to any allegation that unnecessarily reflects on the moral character of an

3

individual or states anything in repulsive language that detracts from the dignity of the court." *Id.* (citation omitted); *see also, In re 2TheMart.com Inc. Securities Litigation*, 114 F.Supp.2d 955, 965 (C.D. Cal. 2000) ("scandalous" includes allegations that cast "a cruelly derogatory light on a party or other person.").

Defendants further allege that plaintiffs' allegations are immaterial to the claims in this case because they have no essential relationship to the clams or constitute a statement of unnecessary particulars. (Dkt. # 8, p. 2). Specifically, defendants argue that plaintiffs brought this action to recover for damages for alleged violations of their civil rights, religious freedoms, and other related claims, "none of which relate to or are based on...whether or not the President of the Park's Commission is related to someone with ties to organized crime." (Dkt. # 8, pp. 2-3). For the reasons argued by defendants, I agree that the allegations in plaintiff's complaint regarding the President of the Parks Commission's purported "ties to organized crime" are scandalous and immaterial and should be stricken.

There is, however, a procedural flaw associated with defendants' motion to strike. A motion to strike is generally considered untimely if filed after the responsive pleading. *Deluca v. Blue Cross Blue Shield of Michigan*, 2007 W.L. 1500331, *1 (E.D. Mich. 2007); *see also, Beckett v. Ford*, 2007 W.L. 2891122, *17 (N.D. Ohio 2007) (A motion to strike may only be granted if the motion to

4

strike is made before the moving party has filed a responsive pleading.). Here, defendants filed their motion to strike approximately one month after they filed an answer to the complaint. (Dkt. # 7, 8). Notably, Rule 12(f), also authorizes the court to strike matter from a complaint on its own initiative. *Deluca*, at *1. "This grant of judicial discretion has been interpreted to allow the district court to consider untimely motions to strike and to grant them if doing so seems proper...." *Id*. (quoting, *United States v. Lot 65 Pine Meadow*, 976 F.2d 1155, 1157 (8th Cir. 1992)); *see also* 5A Charles Alan Wright & Arthur R. Miller, Fed. Prac. and Proc. § 1380, at 652-53 (2d ed. 1990). Under the circumstances presented here -- there was no significant delay, no prejudice to plaintiffs, and no response filed by plaintiffs -- this Court exercises its discretion to hear defendant's untimely motion. And, for the reasons set forth above, defendants' motion to strike is granted.

### III. CONCLUSION

Accordingly, for the reasons set forth above, this Court hereby **GRANTS** defendants' motion to strike and **ORDERS** that paragraph 26(c) of plaintiffs' complaint (Dkt. # 1) is hereby **STRICKEN**.

**IT IS SO ORDERED.**

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not thereafter assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), a copy of any objections is to be served on this Magistrate Judge.

Date: May 13, 2008                                         s/Michael Hluchaniuk
                                                                           Michael Hluchaniuk
                                                                           United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Thomas D. Esordi and Heather M. Olson, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Douglas Johnson, Post Office Box 75, Sterling Heights, MI 48311-0075 and Gloria Johnson, Post Office Box 75, Sterling Heights, MI 48311-0075.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov