UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS JOHNSON and,
REV. GLORIA JOHNSON,                    Case No. 08-10108

        Plaintiffs,                  Gerald E. Rosen
vs.                                    United States District Judge

THE COUNTY OF MACOMB,                  Michael Hluchaniuk
and THE MACOMB COUNTY                  United States Magistrate Judge
PARKS & RECREATION
COMMISSION, jointly and severally,

        Defendants.
_____/

**REPORT AND RECOMMENDATION
ON DEFENDANTS' MOTION TO DISMISS (Dkt. 15) AND
RECOMMENDATION TO DISMISS FOR WANT OF PROSECUTION**

**I.     PROCEDURAL HISTORY**

Plaintiffs filed their complaint on January 8, 2008, alleging that defendants (Macomb County and Macomb County Parks and Recreation Commission), *inter alia*, violated their civil rights under 42 U.S.C. § 1983, violated the Religious Restoration Freedom Act, and violated the Protection of Religious Exercise in Land Use Act.  (Dkt. 1).  Defendants filed an answer to the complaint on February 19, 2008, denying any wrongdoing.  (Dkt. 7).  This matter was referred to the undersigned by District Judge Gerald E. Rosen for all pretrial purposes on

1

Report and Recommendation
Dismissal for Want of Prosecution
*Johnson v. Macomb, et al*; 08-10108

February 28, 2008. (Dkt. 11). On March 17, 2008, defendants filed a motion to strike scandalous material. (Dkt. 8). Pursuant to notice, the undersigned held a telephonic scheduling conference on April 1, 2008. (Dkt. 9). On April 12, 2008, this Court issued a Scheduling Conference Order, requiring plaintiffs to file any motion to amend their complaint by April 11, 2008, which, if granted, could have rendered defendants' motion to strike moot. (Dkt. 12). On April 23, 2008, after plaintiffs failed to file a motion to amend the complaint, the Court ordered them to respond to the motion to strike by May 6, 2008. (Dkt. 13). On May 13, 2008, the Court granted defendants' motion to strike, noting plaintiffs' failure to respond. (Dkt. 14).

Defendants filed their motion to dismiss on May 14, 2008. (Dkt. 14). Plaintiffs were ordered to respond by June 13, 2008. (Dkt. 16). Plaintiffs have failed to respond to the motion to dismiss or take any other action to prosecute their case in nearly six months.[1] On December 16, 2008, the Court issued an order for plaintiffs to show cause why their complaint should not be dismissed for failure to prosecute, giving plaintiffs until December 30, 2009 to respond. (Dkt.

---

[1] On June 11, 2008, plaintiffs filed a notice of change of address. (Dkt. 17). There is no evidence to suggest that plaintiffs did not receive the four orders issued since the scheduling conference, as nothing was returned to the Court as undeliverable.

2

Report and Recommendation
Dismissal for Want of Prosecution
*Johnson v. Macomb, et al*; 08-10108

18). Plaintiffs have failed to respond to the order to show cause.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiffs' complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute and that defendants' motion to dismiss be **DENIED** as moot.

## II.  ANALYSIS

Federal Rule of Civil Procedure 41 governs dismissals.  As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b).  "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962).  "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute

3

Report and Recommendation
Dismissal for Want of Prosecution
*Johnson v. Macomb, et al*; 08-10108

cannot seriously be doubted." *Link*, 370 U.S. at 629; *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed.R.Civ.P. 41(b)] to enter a *sua sponte* order of dismissal.") (citing *Link*). Moreover, "district courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing, *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). And, "a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

In this case, plaintiffs have repeatedly ignored the orders of this Court and violated both the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Michigan. The Sixth Circuit considers "four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

4

Report and Recommendation
Dismissal for Want of Prosecution
*Johnson v. Macomb, et al*; 08-10108

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing, *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

In this case, the Court plainly warned plaintiffs that their case would be dismissed if they again failed to respond to an order of the Court. (Dkt. 18). Thus, this factor weighs in favor of dismissal. With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*. Regardless, "defendants cannot be expected to defend an action," that plaintiffs have "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*. Thus, the first and third factors weigh in favor of dismissal. Finally, given plaintiffs' complete failure to participate in this case for over six months, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, none of the factors weigh against dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White*, at *8, quoting, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte*

5

Report and Recommendation
Dismissal for Want of Prosecution
*Johnson v. Macomb, et al*; 08-10108

dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, at *5, citing, *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984). Under the circumstances presented in this case, the undersigned suggests that a *sua sponte* dismissal for want of prosecution is appropriate and further suggests, given this conclusion, that defendants' motion to dismiss be denied as moot.

### III.  RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that plaintiffs' complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute and that defendants' motion to dismiss be **DENIED** as moot.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any

6

Report and Recommendation
Dismissal for Want of Prosecution
*Johnson v. Macomb, et al*; 08-10108

objections must be served on this Magistrate Judge.

Within 10 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response must not exceed 20 pages in length unless such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections by motion and order. If the Court determines any objections are without merit, it may rule without awaiting the response to the objections.

Date:  January 7, 2009                    s/Michael Hluchaniuk
                                          Michael Hluchaniuk
                                          United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I certify that on January 7, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Thomas D. Esordi and Heather M. Olson, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Douglas Johnson, P.O. Box 1524 Traverse City, MI 49685 and Gloria Johnson, P.O. Box 1524 Traverse City, MI 49685.

                                          s/James P. Peltier
                                          Courtroom Deputy Clerk
                                          U.S. District Court
                                          600 Church Street
                                          Flint, MI 48502
                                          (810) 341-7850
                                          pete_peltier@mied.uscourts.gov

7

Report and Recommendation
Dismissal for Want of Prosecution
*Johnson v. Macomb, et al*; 08-10108